# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 19- 1869-1 -m |
| a silver I-Phone, IMEI: 35539978931398 | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*

located in the ___ Eastern ___ District of ___ Pennsylvania ___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A, "Items To Be Searched," Paragraph d.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | *Offense Description* |
| 18 USC 922(a)(1)(A) | Dealing in firearms without a license |
| 18 USC 924(a)(1)(A) | False statements to a federal firearms licensee; Conspiracy |
| 18 USC 371 | |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ALAN B. GILMORE, ATF SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/6/19

City and state: Philadelphia, PA

*Judge's signature*

HON. ELIZABETH T. HEY, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
a black and blue ZTE flip cellular telephone

)
)
)
)
)
)

Case No. 19 - 1869 - 2 - m

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*

located in the ___ Eastern ___ District of ___ Pennsylvania ___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A, "Items To Be Searched," Paragraph b.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(a)(1)(A) | Dealing in firearms without a license |
| 18 USC 924(a)(1)(A) | False statements to a federal firearms licensee; Conspiracy |
| 18 USC 371 | |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ALAN B. GILMORE, ATF SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___

*Judge's signature*

City and state: Philadelphia, PA

HON. ELIZABETH T. HEY, U.S. Magistrate Judge
*Printed name and title*

19-1869-ALL

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

ALAN B. GILMORE

I, ~~Dominic S. Raguz~~, being first duly sworn, hereby deposes and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for information that is presently stored on the following Subject Cellular Telephones:

> a. **a silver iPhone, IMEI: 355399078931398 ("Subject Cellular Telephone #1"),** believed to have previously been possessed by Charles WILSON, and currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

> b. **A black and blue ZTE flip phone ("Subject Cellular Telephone #2"),** previously possessed by Kenneth CHERRY, and currently in the custody of the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF).

Based on the investigation, I know the Subject Cellular Telephones are being used in criminal activity. The Subject Cellular Telephone are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  I am employed as a Special Agent with the ATF and have been so employed since 2015. I am currently assigned to ATF Philadelphia Group I, Firearms Trafficking, and am charged with conducting investigations into violations of federal firearms statutes, such as FFL burglaries and firearms trafficking. Prior to my current assignment, I was a member of the ATF's Violent Crime Task Force, which has the responsibility of investigating individuals and groups who commit violations of federal firearms and narcotics laws such as Hobbs Act robberies, kidnapping and other firearms-related offenses. I have participated in numerous investigations regarding violations of federal firearm statutes and violent crimes investigations,

1

during the course of which I executed federal search and arrest warrants, reviewed and analyzed taped conversations, and debriefed witnesses, including cooperating witnesses and confidential sources. During my time as an ATF Special Agent, I have collected and analyzed electronic evidence, including cell site location information. The foundation of prior search warrants has been from information obtained through the use of confidential informants, personal investigative knowledge, investigations from other law enforcement and from official police reports.

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to search both Subject Cellular Telephone #1 and #2 for evidence of Title 18 U.S.C. § 922(a)(1)(A); Dealing firearms without a license, and Title 18 U.S.C. § 922(g)(1); Felon in possession of a firearm.

5.  The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is the Eastern District of Pennsylvania: a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i); and is in a district in which the information being sought is stored on the Subject Cellular Telephones. *see* 18 U.S.C. § 2711(3)(A)(ii).

2

## **PROBABLE CAUSE**

1.      From in or about February 2018, through in or about February 2019, ATF

Firearms Trafficking Task Force utilized a Confidential Source (CS-1)1 to purchase firearms

from KENNETH CHERRY and CHARLES WILSON. Throughout the course of the

investigation, ATF purchased approximately 31 Handguns, 11 Rifles, 2 Shotguns, 2 Glock Auto

Sears (determined to be machineguns by ATF Firearms Ammunition Technology Division), one

weapon made from a rifle, and one stolen Philadelphia Police Department issued Ballistic Vest.

The investigation has revealed CHERRY was working with a suspected firearms trafficker from

Virginia, identified as Ali SCOTT, who facilitated the straw-purchase of approximately 57

firearms, by a total of 3 straw-purchasers, all living in Virginia.

2.      On February 26, 2019, Charles WILSON was indicted by a federal grand jury in

the Eastern District of Pennsylvania for the following violations of federal law:

   a.   Title 18 U.S.C. § 922(a)(1)(A); Dealing firearms without a license (1 count)

   b.   Title 18 U.S.C. § 922(g)(1); Possession of a firearm by a convicted felon (22
        (counts)

   c.   Title 18 U.S.C. § 922(k); Possession of a firearm with serial number removed,
        obliterated and altered (4 counts)

   d.   Title 18 U.S.C. § 2; Aiding and Abetting

3.      On February 26, 2019, Kenneth CHERRY was indicted by a federal grand jury in

the Eastern District of Pennsylvania for the following violations of federal law:

   a.   Title 18 U.S.C. § 922(a)(1)(A); Dealing firearms without a license (1 count)

   b.   Title 18 U.S.C. § 922(g)(1); Possession of a firearm by a convicted felon (15
        counts)

---

1 CS-1 is a paid confidential informant, who has been signed up with, and controlled by, ATF since February 2018.
CS-1 is not currently under any indictment, nor is he working off any criminal charges. Prior to being signed up as a
confidential informant with ATF, CS-1 cooperated with a separate law enforcement agency.

3

    c.  Title 18 U.S.C. § 922(o); Possession and transfer of a machine gun (1 count)

    d.  Title 26 U.S.C. § 5861(d); Possession of a firearm not registered in the NFR and Transfer Record (2 counts)

    e.  Title 18 U.S.C. § 922(k) and 924(a)(1)(B); Possession of a firearm with serial number removed, obliterated and altered (8 counts)

    f.  Title 18 U.S.C. § 2; Aiding and Abetting

4.     During the course of the investigation, both Kenneth CHERRY and Charles WILSON used their cellular telephones to communicate with CS-1. Specifically, both CHERRY and WILSON called, sent text messages, and made FaceTime calls to CS-1 to inform CS-1 of firearms that were for sale, process for firearms, meeting locations at which firearms sales were to take place, and on some occasions, details about from where a firearm had come. Additionally, CHERRY and WILSON utilized their cellular telephones to make contact with other sources of firearms, and would do so in the presence of CS-1.

5.     On February 26, 2019, investigators applied for a were granted federal search warrants by the Honorable Jacob P. Hart for 26 South 3rd Street, Darby, Pennsylvania, 433 Main Street, Darby, Pennsylvania, and a blue blue Dodge Journey, bearing Pennsylvania Registration KXE7962, Vehicle Identification Number: 3D4GG57V19T505413. Both addresses and the vehicle have been identified as being used by WILSON.

6.     On March 4, 2019, members of ATF firearms trafficking task force arrested Charles WILSON on a federal arrest warrant. Following the arrest, WILSON waived his Miranda rights and agreed to speak to investigators. In summary, WILSON stated that he was selling firearms and marijuana, and that he would get some of the firearms from Kenneth CHERRY. WILSON gave consent to search his cellular telephone, identified as an iPhone with phone number: 610-809-6416.

4

7.      On March 4, 2019, members of ATF firearms trafficking task force executed federal search warrants on 26 South 3rd Street, Darby, Pennsylvania, 433 Main Street, Darby, Pennsylvania, and WILSON's blue Dodge Journey. The search warrants resulted in the recovery of marijuana, packaging materials, digital scales, one firearm, and **a silver iPhone, IMEI: 355399078931398 ("Subject Cellular Telephone #1"),** which was located in the blue Dodge Journey.

8.      On December 4, 2018, WILSON was the victim of a shooting incident in which he was shot multiple times. During the Philadelphia Police Department's investigation of the shooting, detectives seized WILSON's cellular telephone, but ultimately returned it to him. Following the shooting, CS-1 informed investigators that WILSON had gotten a new cellular telephone because WILSON was concerned about using his old cellular telephone now that the police had both seized and returned it. Based on this information and based on the recovery of WILSON's new cellular telephone, I believe that **Subject Cellular Telephone #1** is WILSON's old cellular telephone, which WILSON used to facilitate firearms transactions for the entirety of the ATF investigation, until he obtained a new cellular telephone.

9.      On March 18, 2019, members of ATF firearms trafficking task force arrested Kenneth CHERRY. Following his arrest, CHERRY waived his Miranda rights and agreed to speak to investigators. In summary, CHERRY stated that he had been facilitating the sale of firearms between people, and that he made approximately $200.00 per sale. CHERRY added that people would call him when they had firearms for sale, and other times he would seek out individuals with firearms to sell. At the time of CHERRY's arrest, he was in possession of **a black and blue ZTE flip phone ("Subject Cellular Telephone #2"),** as well as two lists of names associated with phone numbers.

5

10.     On February 6, 2019, investigators made a consensually-monitored and recorded FaceTime call to Ali SCOTT, utilizing CS-1. During the call, CS-1 and SCOTT further discussed SCOTT selling firearms to CS-1, and how to compensate CHERRY for facilitating the meeting between CS-1 and SCOTT. Following the FaceTime call to SCOTT and during the investigators' debrief of CS-1 regarding the conversation, CS-1 inadvertently FaceTime Audio called SCOTT. This FaceTime Audio call was active for approximately five minutes into the debrief session. Upon realizing this error, CS-1 ended the call, and attempted to contact SCOTT back via calls and text messages, neither of which were being answered or delivered. Approximately 15 minutes later, CS-1 missed a FaceTime call from WILSON. CS-1 subsequently made a consensually-monitored and recorded FaceTime call to WILSON, who related that CHERRY had contacted him [WILSON] and stated that something was wrong regarding CS-1. Based on the inadvertent FaceTime Audio call from CS-1 to SCOTT, investigators believe CS-1 and the investigation were compromised.

11.     Following the inadvertent call to SCOTT, and the federal indictment on February 26, 2019, investigators applied for and were granted a federal search warrant by the Honorable Carol Sandra Moore Wells for cell tower location data for CHERRY's cellular telephone associated with the number 215-239-0679. Investigators received a notification from T-Mobile regarding CHERRY's aforementioned cellular telephone, indicating that on February 6, 2019, the phone was deactivated and no longer in service.

12.     As stated previously, WILSON provided consent to search his new cellular telephone. During the search, investigators identified a telephone number believed to be a new telephone number for CHERRY. On March 13, 2019, investigators applied for and were granted a federal search warrant by the Honorable Thomas J. Reuter, for cell tower location data for

6

CHERRY's suspected new phone. On March 13, 2019, investigators began to receive real time updates indicating the approximate location of the phone number associated with number 267-601-6434. Utilizing the real time updates, investigators were able to locate and ultimately arrest CHERRY. Investigators believe the cellular telephone recovered from CHERRY during his arrest, **Subject Cellular Telephone #2**, is the same phone investigators tracked using cell tower location data.

13.     On June 3, 2019, Charles Wilson entered an open plea of guilty to the following charges: dealing in firearms without a license, in violation of 18 U.S.C. § 922a.(1)(A); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1)(20 counts); possession of a firearm with serial number removed, obliterated and altered, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B)(4 counts); and aiding and abetting possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2 (2 counts).

14.     On August 26, 2019, following a jury trial, Kenneth Cherry was found guilty of the following charges: dealing in firearms without a license, in violation of 18 U.S.C. § 922a.(1)(A); possession and transfer of a machinegun, in violation of 18 U.S.C. §922(o); possession of an unregistered firearm,  in violation of 26, U.S.C. §  5861(d);  possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (13 counts); and possession of a firearm with serial number removed, obliterated and altered, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B)(8 counts).

## CONCLUSION

15.     For the foregoing reasons, I believe there is probable cause to search the contents of the following two cellular telephones:

> a.  **a silver iPhone, IMEI: 355399078931398 ("Subject Cellular Telephone #1"),**

7

believed to have previously been possessed by Charles WILSON, and currently in

the custody of the ATF,

b. **A black and blue ZTE flip phone ("Subject Cellular Telephone #2"),**

previously possessed by Kenneth CHERRY, and currently in the custody of the

ATF,

described in Attachment "A," and the contents of any voice mail, email, text, multimedia and/or

social media messages, applications, pictures, photographs, videos, recordings, notes, call logs,

search history, calendar entries, contacts or other communications evidencing the crimes

described in this affidavit, and more specifically listed in Attachment "B," Evidence To Be

Seized.

Special Agent Alan B. Gilmore
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed
before me this _6_
day of November, 2019.

HONORABLE ELIZABETH T. HEY
United States Magistrate Judge

8

## ATTACHMENT A

### ITEMS TO BE SEARCHED

a.      **a silver iPhone, IMEI: 355399078931398 ("Subject Cellular Telephone #1"),**

believed to have previously been possessed by Charles WILSON, and currently in the custody of

the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

b.      **A black and blue ZTE flip phone ("Subject Cellular Telephone #2"),**

previously possessed by Kenneth CHERRY, and currently in the custody of the ATF.

9

## ATTACHMENT B

## INFORMATION/ITEMS TO BE SEIZED

Evidence of or relating to the planning and/or execution of unlawful acquisition, possession, transportation, or trafficking of firearms or ammunition, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(A) and 371 and 2, and 922(g)(1), that is found on or within the premises or item set forth in Attachment A, as follows:

1.      All documents, to include in electronic form, and stored communications including contact information, text messages, call logs, voicemails, Internet searches, and any other electronic data or other memory features contained in the devices described in Attachment "A" and SIM cards including correspondence, records, opened or unopened e-mails, text messages, and Internet history, pertaining to the offenses described in the Affidavit of Probable Cause;

2.      Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs, and images, pertaining to the offenses described in the Affidavit of Probable Cause;

3.      All records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider (ISP) or cell phone service provider, as well as all records relating to the ownership or ut le of the computer/phone equipment or devices;

4.      Historical location information from any applications on the phones, including Internet browsing activity and history pertaining to the offenses described in the Affidavit of Probable Cause;

10

5.    All records which evidence operation or ownership or use of the items described in Attachment "A," including, but not limited to, correspondence, sales receipts, bills, financial records, tax records, personal photographs, telephone records, notebooks, diaries, reference materials, or other personal items, and registration information for any software on the those items;

6.    During the course of the search, photographs of the Subject Cell Phone may also be taken to record the condition thereof and/or the location of items therein;

7.    All computer/phone passwords, keywords and other data security devices designed to restrict access to or hide computer software, documentation or data. Data security devices may consist of hardware, software, or other programming code. Any password or encryption key that may control access to a computer/phone operating system, individual computer/phone files, or other electronic data;

8.    Evidence and contents of logs and files on the item described in Attachment "A," such as those generated by the computer's operating system, which describes the history and use of the device, including but not limited to files indicating when files were written, were opened, were saved, or were deleted. Also, any malware resident on the computer/phone or device;

9.    Any information pertaining to the acquisition, possession, or trafficking of firearms that was transmitted, stored, or received using the applications or means described in paragraphs 1.-8. above; and

10.    Any data that would tend to show the identity of the person using the device at the time that any items described in paragraphs 1-9 above were downloaded, viewed, saved, printed, copied, created, or transmitted.

11